ALBANY,
Oct. 1825.

Miller
v.·
Watson

MILLER *against* WATSON.

GENERAL indebitatus assumpsit, for work, &c. money, &c. and on an account stated, tried at the Seneca Circuit, September 22d, 1823, before THROOP, C. Judge.

On the trial the plaintiff proved that his agent called on the defendant concerning certain land sold and conveyed by the defendant to the plaintiff, and for which the consideration money had been paid by the plaintiff. An action of ejectment had been brought against the plaintiff for this land. The defendant admitted that the title had failed, and struck a balance of what would be due to the plaintiff, which he promised to pay. This was subscribed by the defendant thus: " Errors excepted, 15th July, 1816, E. Watson ;" and delivered to the agent. The principal and interest of the balance, at the time of the trial amounted to $1549 85.

The defendant gave in evidence a deed with a covenant of warranty, from him to the plaintiff, of the land in question, for the consideration of $655, dated December 15th, 1810.

The defendant's counsel then objected that the plaintiff could not recover, there being no proof of eviction from the land ; and, therefore, no consideration to support the promise ; and that the plaintiff should be confined to his remedy upon the covenant in the deed. The Judge overruled the objection, on the ground that the defendant had acknowledged that his title had failed, which was a sufficient consideration ; that the defendant's promise was therefore valid ; and the jury found for the plaintiff $1549 85 damages.

*J. C. Spencer,* for the defendant, now moved for a new trial; and he cited 2 Caines' Rep. 188, 192; 1 Rep. 1; Cro. Jac. 196 ; 1 Salk. 211; Doug. 654; 7 John. Rep. 26 ; 15 id. 234 ; 1 Chit. Pl. 302; 7 John. Rep. 36 ; 1 Chit. Pl. 94, 5, note (*b*); 2 John. Ch. Rep. 519 ; Cowp. 128, 9 ; 2 T. R. 100; Moore, 340; 1 Roll. Abr. 570; 7 John. Rep. 21; 8 id. 384; 3 Caines' Rep. 111 ; 4 John. Rep. 1; 3 John. Rep. 509 ; 1 Dal.. 428.

*Margin note:* Where W gave M. a deed with warranty, and afterwards admitted that the title had failed ; and promised M. to refund the consideration money which he had received; and stated a balance due ; yet *held*, that assumpsit would *not* lie to recover it; but that M. should be put to his action on the covenant. And no eviction of M. being proved, *held*, that there was no consideration to sustain the promise

Where a debt is secured by an instrument of an higher nature, as by deed or record, a promise to pay it is void.

ALBANY,        *A. Gibbs*, contra, cited 1 Caines' Rep. 47; 3 John. Rep.
Oct. 1825.   506; 2 T. R. 100; 2 Saund. 134; 19 John. Rep. 147.
─────────
Miller
v.
Watson.        *Curia*, per SUTHERLAND, J.   This action cannot be
sustained.   The parol promise of the defendant, on which
it is founded, was simply to re-pay the consideration mo-
ney, which he had received from the plaintiff, with inter-
est.   That he was bound to do by his covenant of warran-
ty, if the defendant had been evicted.   The deed from the
defendant to the plaintiff, bore date December 15th, 1810.
The promise proved, was made on the 15th July, 1816,
less than six years after the giving of the deed, when no
interest had accrued, which the plaintiff was not entitled
to recover, in an action upon the covenant of warranty.
(3 Caines, 114.   4 John. 117.)   The promise, therefore, was
simply, in judgment of law, to perform the covenant; and
it is well settled, that when a party has a security of *a
higher nature*, he must found his action upon it; and
that, in general, where there has been an express contract
under seal, assumpsit will not lie, upon a promise to per-
form it.   The action must be either debt or covenant upon
the contract itself.   There is an anonymous case in Cow-
per, 128, in which it was held by Lord Mansfield and
Mr. Justice Ashurst, that a promise by a defendant to pay
a judgment obtained against him, in consideration that
the plaintiff would stay execution, will not support an as-
sumpsit.   Lord Mansfield observed, that it was a new spe-
cies of an action, and an attempt to turn a judgment debt
into a debt upon simple contract.   (Vid. also, 2 T. R. 100.
4 B. & P. 104.   2 Str. 1027.   Cro. Jac. 506, 598.   Com.
Dig. 207, *action upon the case upon assumpsit*, (F. 1.) 1
Chit. Pl. 94, 5, note (*b*).

Nor is it clear that there was a good consideration to
support the promise.   The defendant's deed does not ap-
pear to have contained any other covenant, than the cov-
enant of warranty.   And upon that covenant, there can
be no recovery without eviction.   There is no evidence
of an eviction in this case, except what is to be derived
from the admission of the defendant, that the title had
failed, and that he would be compelled to refund the con-

sideration money received; and the further fact, that an ejectment had been commenced against the defendant. This certainly was very equivocal evidence in relation to a fact, which, if it existed, the plaintiff must have had the means of establishing by clear and explicit testimony. The defendant may have been mistaken in the opinion that his title had failed. The ejectment suits may have been discontinued; and the plaintiff may have retained the quiet and undisturbed possession of the premises to the present hour. I do not think a jury would be author-ized in finding the fact of eviction upon this testimony. *If there was no eviction*, the promise of the defendant was without consideration. Admitting that there was a cloud upon the title, or that it had entirely failed, the hostile claim may have been quieted, and purchased in by the plaintiff for a very small portion of the consideration money; or the defendant may himself have quieted the title.

The form of action adopted by the plaintiff, dispenses with the averment and proof, on his part, of any of the circumstances which show that the defendant's covenant has been broken, and that he has been damnified. I am, therefore, inclined to think, that there was no legal consid-eration to support the promise of the defendant; and if the plaintiff has been damnified, he must seek redress upon the covenant of the defendant.

There must be a new trial, with costs to abide the event.

New trial granted.