## T. L. ANDREWS *vs.* E. W. WOLCOTT.

On the 20th of Oct. 1843, the plaintiff, being the owner of a farm, executed a mortgage thereon to L. W. On the 7th of March, 1845, he conveyed the farm to the defendant, *subject to the mortgage;* and on the 31st of October, 1845, the defendant reconveyed 55 acres, parcel of the farm, to the plaintiff, *with covenants of warranty.* The plaintiff, on the 8th of March 1847, conveyed the said 55 acres, *subject to the aforesaid mortgage,* to S. O. A. and took back a mortgage for the purchase money, which was foreclosed, and the premises bought in by the plaintiff. Subsequently the original mortgage to L. W. was foreclosed, and the premises sold to one A., who brought an action of ejectment and evicted the plaintiff. In an action upon the covenant of warranty contained in the defendant's deed of Oct. 31, 1845, to the plaintiff; *Held,*

1. That upon the sale of the premises to the defendant, subject to the mortgage, the amount of the mortgage debt being deducted from the purchase price, the defendant assumed the payment of the mortgage debt; and that he was bound to discharge the same.

2. That on his reconveying the mortgaged premises to the plaintiff, by a deed with warranty, he undertook that if the latter should be evicted, by means of his omitting to pay off the mortgage, he would restore the consideration that he had received.

3. That by the deed from the plaintiff to S. O. A. *subject to the original mortgage,* it was the intention of the plaintiff to exempt himself from personal responsibility to the grantee in the event of the latter being evicted; leaving his grantee to prosecute on the defendant's covenant if an eviction should take place; and that such was the legal effect of the deed.

4. That such deed did not operate as a release of the defendant's covenant of warranty. That in order to be operative in favor of the defendant, the deed should expressly release him from his covenant, and should, in general, be executed to him as a party.

5. That whatever estate or interest was *conveyed* by the deed from the plaintiff to S. O. A., was *restored* by the foreclosure of the mortgage given by the latter for the purchase price, and the bidding in of the premises by the plaintiff; and the plaintiff was reinvested with the full title to the premises, with all the incidents to it, and that the covenant of the defendant, though it might have passed to S. O. A. by the deed to him, was restored to the plaintiff by such foreclosure.

Where a mortgage, given for the purchase price of land, is foreclosed and the premises are bid in by the mortgagee, he is reinvested with the original estate, as perfectly as though he had never parted with it. He takes the title of both the mortgagor and mortgagee, united.

If there be any covenants, they run with the land, and become vested in the purchaser at the mortgage sale, and he may maintain an action upon them.

DEMURRER to complaint. The plaintiff, being the owner of a farm, in Herkimer county, on the 20th day of October, 1843, executed a mortgage on the same to Lucinda Wood, to secure the payment of eight hundred dollars. On the 7th day of March, 1845, he conveyed the said farm to the defendant Edmund W. Wolcott, *subject to the mortgage in question ;* and on the 31st of October in the same year the defendant reconveyed 55 acres, parcel of the said farm, to the plaintiff, *with covenants of warranty.* The plaintiff, on the 8th day of March 1847, conveyed the said 55 acres, *subject to the aforesaid mortgage,* to Salmon O. Andrews, and took back a mortgage for the purchase money, which was foreclosed, and the premises purchased in by the plaintiff. After this, the mortgage to Lucinda Wood was foreclosed, and the premises sold on the 20th day of April, 1849, and purchased by one Allen; who brought an action of ejectment and evicted the plaintiff, notice of the suit being given to the defendant. The present suit was on the covenant of warranty contained in the deed of the defendant, of the 31st of October, 1845. The defendant demurred to the complaint, for several causes ; insisting that it appeared by the facts stated in the complaint, that the covenant of warranty, on which the suit was brought, had been discharged.

*L. Ford,* for the plaintiff.

*Geo. F. Comstock,* for the defendant.

*By the Court,* GRIDLEY, J. I. It is not disputed that the conveyance of the farm in question to the defendant, *subject to the mortgage executed by the plaintiff to Lucinda Wood,* cast on the defendant the burden of paying off that mortgage. Upon this demurrer it will be presumed that the amount of the mortgage was deducted from the purchase price ; from which fact the law will infer an obligation on the defendant to discharge the mortgage. This was so held in the case of *Cox* v. *Wheeler,* (7 *Paige* 248,) and in *Jumel* v. *Jumel,* (*Id.* 591, 594.) In the latter case the conveyance was *subject to the mortgage*

Andrews *v.* Wolcott.

mentioned in the pleadings; and the chancellor says, "It is not perceived how language could be more explicit to show the intention of the parties that the grantee was to take the premises subject to *the payment* of the mortgage." In the case of *Ferris and others* v. *Crawford and others,* (2 *Denio,* 595,) Chief Justice Bronson lays down the same rule, with the qualification that when the mortgage debt is deducted from the price, the burden of satisfying the mortgage is thrown upon him who purchases the land, subject to the mortgage. When, therefore, the defendant purchased the farm in question, subject to the Lucinda Wood mortgage, he must be deemed to have assumed the payment of the mortgage debt, and when he reconveyed the farm, by a deed with warranty, he undertook that if the plaintiff should be evicted, by means of his omitting to pay off the mortgage, he would restore the consideration that he had received.

II. The next inquiry is what effect should be given to the conveyance executed by the plaintiff to Salmon O. Andrews; and to the mortgage given back by him to the plaintiff, and its foreclosure.

(1.) The conveyance was made *subject to the mortgage* before mentioned; and the same words are used which are found in the deed of the plaintiff to the defendant. What then is the meaning of this phrase? Does it mean the same thing that it would mean if the plaintiff were not indemnified by the defendant's covenant of warranty? Or does it mean to exempt the plaintiff from personal responsibility to the grantee, leaving him to prosecute on the defendant's covenant if an eviction should take place? The defendant's covenant passed with the land to the grantee, Salmon O. Andrews; and would have so passed by a mere release. (4 *Hill,* 335.) The idea that it was the intention of the plaintiff to cast the burden of paying off the mortgage on the grantee, Salmon O. Andrews; and by that means to release the defendant from his covenants of warranty, is, to say the least of it, highly improbable. We have seen that the plaintiff had deducted this incumbrance from the purchase price. The defendant was bound in law to pay it off;

and in selling to Salmon O. Andrews, the plaintiff would not be likely to deduct the mortgage debt, and transfer his covenant against the defendant, at the same time. I think, therefore, it was the intention of the plaintiff, by this phrase, to exempt himself from personal responsibility to his grantee, in the event of the latter being evicted, and no more. The plaintiff had no motive to discharge the defendant from his obligation, and to assume it himself, or cast it on the grantee. My opinion is, therefore, that the plaintiff merely meant to say to Andrews, " The land I am conveying to you is incumbered by a mortgage, which Mr. Wolcott is bound to pay off; my deed will transfer to you his covenant, on which you must rely. I will not be bound, personally, to indemnify you against an eviction." This was a conveyance, in legal effect, so far as respects this mortgage, equivalent to a release or quitclaim deed.

This deed, executed to S. O. Andrews, cannot operate as a release of the defendant's covenant of warranty. The deed does not profess to release it; it is only speaking of the rights of the parties to the deed, *as between themselves.* The deed, to be operative, in favor of the defendant, should expressly release him from his covenant; and should, in general, be executed to him as a party. The expression found in the deed can have its full efficacy between the parties to the conveyance, and cannot be extended by implication, to release the defendant from the covenant of warranty to the plaintiff.

(2.) The grantee gave back a mortgage for the full amount of the purchase money, which has been foreclosed, and the premises bid in by the plaintiff. Now whatever estate or interest was *conveyed* by the deed was *restored* by the *foreclosure;* and the plaintiff was reinvested with the full title to the premises, with all the incidents to it. In the case of *Stow* v. *Tifft,* (15 *John.* 458,) it was held that where land was granted, and a mortgage taken back at the same time, for the purchase money, executed by the grantee and his wife, the widow of the grantee was not entitled to dower ; on the ground that the title which passed out of the grantor was restored again by the mortgage, *eo instanti.* Judge Spencer says that in such a case the

Andrews *v.* Wolcott.

deed and mortgage are construed together as one instrument; that the grantor sells the land to the grantee on the condition that he is to pay for it at a given time; and that if he does not, the grantor is to be reseised of the estate. It is laid down in *Cruise'·Digest* (*Title* 13, *ch.* 2, §§ 59, 60,) "that where one enters for condition broken the estate becoms void *ab initio*, and the person who enters becomes again seised of his *original estate*, and is in the same situation as though he had never conveyed it away." When the mortgagee, in a case like this, forecloses the mortgage and bids in the premises, he is reinvested with the original estate, as perfectly as though he had never parted with it. It is a mistake to say that the purchaser only takes the title of the mortgagor. He takes the title of both the mortgagor and mortgagee, united. If there be any covenants, they run with the land, and become vested in the purchaser at the mortgage sale, and he may maintain an action upon them. It follows that the covenant of the defendant, though it may have passed to S. O. Andrews, was restored to the plaintiff by the foreclosure of his mortgage.

III. There was no irregularity in the sale of the entire lot. (*See the opinion of the Vice Chancellor in Cox* v. *Wheeler,* 7 *Paige,* 248; *and* 8 *Barb.* 9.)

IV. Again, it is said that the use of the word "ejectment" in the description of the suit by which the plaintiff was evicted, was not sanctioned by the code; but, the allegation was sufficiently certain, upon a demurrer for the cause that the complaint does not state facts sufficient to entitle the plaintiff to recover; although the use of this word is assigned as a special cause. (7 *Barb.* 601. 8 *Id.* 300:)

The demurrer must be overruled and the defendant be permitted to answer, on payment of costs. It is not impossible that facts may appear on the trial that may essentially change the relations of the parties.

Demurrer overruled.

[ONEIDA GENERAL TERM, January 5, 1852. *Gridley, W. F. Allen, Hubbard* and *Pratt*, Justices.]