## BROWN *v.* WINTER & SHERRY.

S. & B. in 1854, execute a mortgage on their property to H. Subsequently they execute another mortgage on the same property to plaintiff. Later—in 1855—S. conveys his interest to V. the deed declaring the interest to be sold subject to the two mortgages. Later, V. sells to defendant, W. the deed containing the same recital as the last. In February, 1856, a decree of foreclosure of the first mortgage to H. sale of the property thereunder, defendant W. the purchaser, and in due time, a Sheriff's deed to him, and possession. In June, 1856, foreclosure of the second mortgage to plaintiff, sale thereunder, plaintiff, the purchaser, and in March, 1857, Sheriff's deed to him. *Held,* that plaintiff cannot maintain ejectment against defendant, W. on his Sheriff's deed; that defendant, claiming title through foreclosure of the first mortgage, and being in possession, cannot be dispossessed by B.

If plaintiff has any remedy against defendant, because of the recital in the deeds named, it is in equity.

Brown *v.* Winter.

Assuming that, by the recital, defendant became bound to pay plaintiff's mortgage
debt, still he had a right to pay it by a sale and purchase under the first mort-
gage.

*Query,* whether a party buying an equity of redemption subject to a mortgage,
assumes the payment of the mortgage debt. However this may be, clearly no
one but the vendor or his mortgagee can enforce the obligation?

And if, with their consent, or a waiver by them of the right to enforce the assump-
sit as a personal duty, with the intention of looking to the land alone as secu-
rity, the mortgage debt is paid by sale of the premises to the vendee, such sale
passes the legal title. And the second mortgagee must go into equity, making
all persons connected with the two mortgages, parties, if he really have any
rights.

APPEAL from the Fifth District.

Case tried by the Court, judgment for defendants.    Plaintiff
appeals.

*Smith & Hardy,* for Appellant.

1. Where a mortgagor sells property subject to the mortgage,
the purchaser is bound to pay off the mortgage debt.    (*Ferris* v.
*Crawford,* 2 Denio, 595; *Andrews* v. *Wolcott,* 16 Barb. 21; *Cox*
v. *Wheeler,* 7 Paige, 248; *Jumel* v. *Jumel,* Id. 591, 594.)

2. A party liable for the payment of a debt secured by mort-
gage on land, cannot exempt the land from that liability by pur-
chasing another incumbrance.    (*Ralston* v. *Hughes,* 13 Ill. 469.)

3. Where a mortgagor suffers the mortgaged premises to be
sold for taxes, and at such sale buys the land, he does not thereby
defeat the mortgage.    (*Frye* v. *Bank of Illinois,* 11 Ill. 367.)

The Respondent only purchased an equity of redemption when
he took his deed and was substituted to the precise rights of the
mortgagor, and nothing more.

*Robinson & Beatty,* for Respondents.

Winter was not bound to pay the prior mortgages.    He had
the privilege to do so, but it was not his duty.    A purchaser of
property subject to a mortgage, does not make the debt his own.
(8 Wend. 584; 18 Johns. 486.)    When the mortgagee, his vendee,
or a stranger, buys in property sold under a first mortgage, the
mortgage is extinguished.    The property, in the hands of the
mortgagor, would be liable to the debt of a second mortgage,
because the owner is personally liable.    But, in the hands of a
stranger buying in, it is not so liable.    (*Shafter* v. *The Bear River
& A. W. & M. Co.* 4 Cal. 294; 4 Kent, (marginal p.) 145.)

Brown *v.* Winter.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Ejectment for a lot in Jackson.

Sloan & Bowman owned this property in 1854, and on the 14th of August of that year, they executed a mortgage on it to one R. M. Howard, to secure one thousand five hundred dollars. Afterward they executed another mortgage to the plaintiff, Brown, on the same property. Later—in 1855—Sloan conveyed his interest in the property to Volney Smith—the deed declaring that the interest in the real estate sold was subject to the two mortgages. In October, 1855, Smith sold to the defendant, Winter, the deed containing the same recital as the last. In February, 1856, a judgment or decree of foreclosure was rendered in favor of Howard on this first mortgage, and the property was sold under it. Winter, the defendant, became the purchaser under the Sheriff's sale, and in due time obtained his deed and was let into possession. In June, 1856, a foreclosure of the second mortgage was had. Plaintiff, Brown, became the purchaser, and in March, 1857, obtained a deed, and now on this title brings his suit against the first purchaser.

The Appellant contends that Winter having purchased before foreclosure of Sloan's vendee, (Smith,) subject to the second mortgage, (Brown's,) he stood in the position of Sloan ; and that when the mortgage of Brown was foreclosed, and Brown became the purchaser, *he* acquired the title.

But the Appellant's argument, though quite plausible in itself, and deriving apparently some countenance from the cases he cites, does not support the case now before us. If the plaintiff has any remedy on the facts in the agreed case, it is very clear it is not by a common law action. The defendant tracing his title through the first mortgage, and foreclosure of it at Sheriff's sale, and being in possession, cannot be dispossessed in ejectment, upon the facts set up by the plaintiff. It *may* be true that the defendant, by his purchase of the equity of redemption, bound himself to pay the mortgagor's debt, as he bought subject to the mortgage ; but this obligation ran to the first mortgagor himself, and we do not see how any one else could enforce it. The mortgagee had no direct claim upon this vendee to pay this money ; he certainly had a right to go on the land and sell it for

the payment of the mortgage debt, and the purchaser at the sale would get the legal title. That purchaser was Winter. The plaintiff says that Winter assumed to pay this first mortgage debt, and therefore his purchase was no more than a payment of the first mortgage; and this first mortgage being thus paid, then the property was alone subject to the last. But the error of this argument is in assuming that, because Winter was bound to pay the debt, he had not a right to pay it by a sale and purchase of the mortgaged property. Neither Sloan or Howard objected, for all that appears, and we do not see that Brown can. It is true that Brown says that Winter also assumed to pay *his* mortgage, and bought subject to it also. If he can maintain this pretension, he can file his bill to charge the land with his debt in the hands of Winter, holding Winter as Trustee of the legal title for his benefit.

But he cannot set up these equitable facts in ejectment against the legal title and possession under it.

The cases in Illinois, 11 and 13, do not militate with this view. Those cases were in equity—as was also the case recently decided in this Court from Nevada, (*Kelsey* v. *Abbott & Edwards.*) The doctrine there held is, simply, that a party in possession, and bound to pay money due for taxes, and failing to do so, and buying in the property, cannot hold it as against the assessed, for whom he is Trustee.

This view renders it unnecessary to consider the question whether a party buying an equity of redemption subject to a mortgage, assumes the payment of the mortgage debt, (see 2 Denio, 598; 16 Barb. 21; 7 Paige, 591—594; Id. 248); for, whether he does so assume or not, it is very clear that no one but the vendor or his mortgagee could enforce the obligation. If, with their assent, the mortgage debt was paid through a sale of the premises to the vendee, or if they waived the right to enforce the obligation as a personal duty, and looked to the land for security, the sale would pass to the vendee the legal title; and if the second mortgagee had a claim on the land on the assumpsit of the vendee, he must proceed in equity to enforce it. The plaintiff's mortgage only gave him a lien on the equity of redemption, or a lien secondary and subordinate to the first mortgage; and he certainly acquired by his foreclosure no better title than his own mortgage

Garfield *v.* Knight's Ferry Water Co.

gave him.  If the plaintiff, since the mortgage, has acquired by the acts of Winter a lien on the property, the legal title to which is in Winter, this lien must be enforced by bill setting up the facts and making the necessary parties.  The title of Brown, as against Winter, did not come from a general decree of foreclosure in the common form.  Such a decree might divest all the title of the mortgagors at the time of the mortgage to Brown, or of the decree, and even all the title of the assignees of the mortgagors, but would not divest the title of Winter acquired not in privity with the last title of the mortgagors, but acquired through another and older mortgage than Brown's.  If Brown has any claim on Winter it is this—Winter bought from Sloan, one of the mortgagors, and after Brown's mortgage—he bought subject to the mortgage.  By force of this contract, he assumed to pay Brown's mortgage, and to hold the land pledged for the mortgage money.  But Howard held an older mortgage than Brown's; this mortgage Howard had a right to foreclose—the foreclosure carried the legal title of the property to the purchaser at the foreclosure sale.  Winter was that purchaser, and he got a deed carrying the legal title and took possession.  But, as Winter has never paid the junior mortgage he assumed to pay, Brown insists that the property may still be held bound for it—not by force of *his* mortgage, but by force of these facts subsequent to his mortgage—*which facts create this equity in his favor.* It seems to us that if Brown can maintain his pretension at all, it must be upon a bill setting up these facts, and making all the persons connected with the two mortgages parties.  But at law, in an action of ejectment brought on his deed at the last sale, we see no foundation for the action.  Nor is it intended to express any opinion as to the merits of such a bill as we have suggested.

Judgment affirmed.