S. W. & M. Tucker v. Silver..

---

S. W. & M. Tucker v. Silver.

<div style="float:right">9 261<br>115 553</div>

1. FORECLOSURE: TRUSTEE SHOULD BE A PARTY. In an action by a cestue que trust to foreclose a deed of trust, on personal property, in his favor, the trustee should be made a party.

2 CODE COSTRUED. Section 1693 of the Code was not intended to apply solely to cases of tort. It refers primarily and principally to matters of contract.

3. SAME. Sections 1776–7 and 1693 do not change the general rule requiring that the trustee named in the deed of trust shall be made a party to an action to foreclose the same.

4. DISCONTINUANCE OF NEWSPAPER. The discontinuance of the newspaper in which the trustee is required, by the terms of the deed, to advertise the sale, does not divest him of his legal title.

### Appeal from Boone District Court.

### THURSDAY, OCTOBER 13.

For the purpose of securing to plaintiffs a sum acknowledged to be owing them, defendant conveyed to one Hull, certain articles of personal property, to be held by him as trustee, and to be sold and the proceeds applied upon the conditions and in the manner in said deed set out. The money not being paid they filed their petition for the foreclosure of said trust deed, praying judgment for the amount found to be due, and for a sale of the trust property. A demurrer to the petition was sustained upon the ground that the trustee, (Hull) was not made a party, either complainant or respondent. Complainant appeals.

*John A. Hull,* for the appellants relied upon the Code of 1851, section 1676, 1677, and 1693; Daniels' Chancery Practice 259, 300; *Barrow* v. *Easton,* 3 Iowa 76; Story Eq. Pl. 214, 23 Ala. 232; 24 Ib. 544.

*Jeff. S. Polk,* for the appellee cited Story's Eq. Pl. section 207; Hill on Trustees 546, (marginal); Story's Eq. Jur. sections 964, 169; 2 Bouv. Inst. 33; *Kriechbaum* v. *Bridges & Powers,* 1 Iowa 14.

WRIGHT, C. J.—The general rule, independent of the Code, is, that a trustee is a necessary party. This general rule is not controverted by the appellant, and is recognized by the following among other authorities: Story Eq. Pl. 207, 209; 1 Danl. Ch. sections 293; *McKinley* v. *Irvine,* 13 Ala. 681; *Cassady* v. *McDaniel,* 8 B. Monroe 519. Says Mr. Story, sec. 209, *supra:* "if a bill be brought by a *cestue que trust* to foreclose a mortgage given to a trustee for his benefit, the trustee should be made a party;" (citing *Wood* v. *Williams,*

4 Madd. R. 186.) The trustee holds the legal estate in the thing demanded, and he must be before the court, says Mr. Daniels, page 259, "on account of the impossibility of otherwise preventing the assertion of the legal right in courts of law." And in all cases in which the legal estate is vested in the trustee, or if he has no estate, when the circumstances are such, that in the event of the success of the complainant, the defendant may have a demand over against him, the trustee is a necessary party. *Daniels* 300.

Has this rule been changed by the Code? The legal title, now as heretofore vests in the trustee. Let us look then at the provisions which appellant claims, changed the rule.

We are referred to sec. 1693, which provides that when an instrument is given to one person for the security of another, such other person if injured in consequence of a breach thereof, may sue thereon in his own name. This section, if intended to apply to cases of this character, will only aid the complainants to the extent that being beneficiaries they might in equity claim the benefit of the security—a right that they have independent of the Code. But it by no means removes the objections that the trustee was a necessary party. We are not of the opinion however, that this section was intended to supply, as was suggested by appellee, to cases of tort. The word injury, as used, means more than one tortious in its nature. Indeed, primarily and principally, it refers to matters of contract.

Again, appellants urge that by sections 1756-7, civil actions must be brought in the name of the real party in interest, and that this is a rule of practice, and is in no wise to affect substantial rights. These sections do no more however, than to enunciate the same rule stated in section 1693, upon this subject, and the remarks made upon that apply to these.

There is nothing in appellant's suggestion that the facts stated in the bill takes the case out of the rule. The circumstance that the newspaper named in the deed, in which the notice of the sale was to be published, had been discontinued, and that the trustees could not therefore execute the

trust without the aid of a court, only shows the necessity, and more clearly the right, of the beneficiary to invoke judicial aid, and by no means answers the objection that to the suit brought, the trustee should have been made a party. He does not stand as the mere agent of the parties, but as the middle man, so to speak, holding the legal title, which the discontinuance of the paper by no means divested. It may be that he was powerless to act in the manner pointed out in the deed, but he was not without legal title.

<div style="text-align: right">Judgment affirmed.</div>