## DEVIN v. HENDERSHOTT.

1. **Conveyance: COVENANTS: MORTGAGE.** The grantee, in a deed of trust, is entitled to the benefit of covenants running with the land.

2. —— And it seems that the same rule would apply in case of a mortgage.

*Appeal from Wapello District Court.*

FRIDAY, JULY 28.

ACTION by a mortgagee against the grantor of the mortgagor to recover upon the covenants in the deed under which the mortgagor held his title. The defense was that the defendant, grantor, had paid and satisfied his grantee, the mortgagor, for the breach of his covenants, before this action was brought. The cause was tried to the court upon an agreed statement of facts, as follows: That on the 11th day of April, 1855, the defendant conveyed the land the west fractional half of the south-west quarter of section nineteen, township seventy-one, range fifteen, west, in Wapello county, to V. C. Harrow, and did "warrant the title thereto against all persons whomsoever." The deed was in the form prescribed by statute for a deed in fee, with warranty (Rev., § 2240), and was duly acknowledged and recorded May 8, 1855. That on the 12th day of May, 1858, V. C. Harrow borrowed of the plaintiff, Thomas Devin, a sum of money, upon which there is now due $125, to secure the payment of which to plaintiff, said Harrow and wife executed to John D. Devin a deed of trust upon said land, in the statutory form (see Rev., § 2240), authorizing said trustee, in case of non-payment, to sell said land, after giving four weeks' notice, to execute a deed to the purchaser, to pay said debt, expenses of sale, including five per cent commission, to the trustee, and then to hold the balance subject to the grant-

or's order, which trust deed was duly recorded, August 3, 1858. That in the year 1865 it was decided by the supreme court, in a proper case, that one A. J. Weatherby was the owner of the land; that this defendant had no title and, therefore, that the title conveyed by this defendant to said Harrow had totally failed. That after the failure of said title this defendant settled with and fully paid said Harrow full satisfaction for his purchase-money and interest. That defendant had at that time no *actual* knowledge that plaintiff held any claim against said Harrow on any deed of trust, or otherwise, but only the notice imparted by the proper record and index of said trust deed; that, if plaintiff is entitled to recover, the amount is agreed at $135.

The court found for defendant, and plaintiff appeals.

*E. H. Stiles* for the appellant.

*E. L. Burton* for the appellee.

COLE, J. — But a single question is presented by the record in this case, and that is, does the grantee in a deed of trust, under our statutes, become entitled to the benefit of covenants running with the land? The district court held that he was not. It may be as well to state here, that no question is or can be made upon the matter of notice, since the constructive notice imparted by the due record and index of the trust deed is equivalent, for all the purposes of this case, to actual notice. Rev., ch. 96.

It is a proposition asserted by the appellant, and not denied by the appellee, and we apprehend that it is sound in principle, as well as having the unvarying support of the authorities, that whoever becomes seized of lands becomes entitled to the benefit of the covenants running therewith. The first pertinent inquiry

then is, Did the grantee, in the trust deed, become seized, or vested with the legal title to the land in question, as held by the grantor therein? This proposition has been several times answered by this court. In *Tucker* v. *Silver*, 9 Iowa, 261, it is said that under our Code of 1851, section 1210 (which is the same as Revision, section 2217), "the *legal title* now, as heretofore, vests in the trustee. * * * He does not stand as the mere agent of the parties, but as the middle man, so to speak, holding the legal title. * * * It may be that he was powerless to act in the manner pointed out in the deed, but he was not without the legal title." In *Cook & Sargent* v. *Dillon et al.*, 9 id. 407, it is said: "By the conveyance (deed of trust) from Barrow to Dillon, the legal title of the grantor in the real estate passed to Dillon, the trustee, subject to be defeated by the payment of the money by Barrow, in accordance with the terms of the deed of trust." See, also, *Newman* v. *De Lorimer*, 19 Iowa, 244; and also 2 Am. Law Reg. (N. S.) 655, where it is said that "the authorities are uniform that a deed of trust places the *legal title in the trustee*," citing a large number of authorities.

It follows from these two propositions, first, that the holder of the legal title becomes also vested with the right to enforce the covenants running with the land; and, second, that a grantee in a trust deed does hold the legal title, that the covenants did pass to the trustee, and he can recover for any breach thereof. And under our statute, the plaintiff, being the real party in interest, may prosecute the action in his own name. Rev., § 2757; *Conyngham* v. *Smith*, 16 Iowa, 471; *Cottle* v. *Cole*, 20 id. 482; *Rice* v. *Savery*, 22 id. 470.

II. But it is claimed that, under our statutes, deeds of trust in their effect upon the rights of parties, and so far as respects the remedies under them, are the same as mortgages. As to this, however, see the discussion and

authorities cited in 2 Am. Law Reg. (N. S.) 648. And that, since a deed of trust is the same as a mortgage, the instrument under which plaintiff claims is a mortgage, and must be governed by our statute, which enacts (Rev., § 2217 [1210]: "In the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereof; but in the case of personal property the mortgagee holds that title and right."

Suppose it be conceded that the conveyance by Harrow to James D. Devin, being only a security for the payment of money at a specified time, which, if paid, would make the conveyance void (the definition of a mortgage), (Blackst. Com. 157), was only a mortgage — just that and no more. It is very evident, from the authorities, that a mortgagee (aside from statutory regulation) was entitled to the benefit of covenants running with the land. "The mortgage title *guarded by covenants* is the security for the debt. *Lockwood* v. *Sturdevant*, 6 Conn. 373; *Lloyd* v. *Quimby*, 5 Ohio St. 262; *Andrews* v. *Wolcott*, 16 Barb. 21; *White* v. *Whitney*, 3 Metc. 81; *Astor* v. *Miller et al.*, 2 Paige's Ch. 68; *Varick et al.* v. *Briggs et al.*, 6 id. 324, and other cases cited by appellant's counsel.

Now, what was the estate of a mortgagee, aside from statute? SHAW, Ch. J., says in *White* v. *Whitney, supra,* a mortgage is considered, as between the mortgagor and mortgagee, and so far as it is necessary to give full effect to the mortgage as a security for the performance of the condition, as a conveyance in fee; but for all other purposes it is considered, especially until entry for condition broken, as a mere charge or incumbrance, which does not divest the estate of the mortgagor. He is deemed seized so far that he can convey it, subject to the mortgage; he may make a second mortgage; it may be attached for his debts; *he is considered as having all the rights and power of an owner*, except so far as it may be necessary to hold

otherwise in order to give effect to the mortgage." Says Chancellor WALWORTH in *Astor* v. *Miller:* " In this State, a *mortgagee out of possession is considered at law, as well as in equity, as having nothing but a chattel interest in the estate;* and the mortgagor, for every substantial purpose, is the real owner." Chancellor KENT says : " In equity the mortgagor remains the actual owner until debarred by his own default or judicial decree." 4 Kent's Com. 136. And such is the uniform holding of the courts in this country. And it has been held by this court that " the rule of the common law, that by a mortgage of real property the legal title is conveyed to the mortgagee, who is vested with the legal estate of freehold and inheritance, is not recognized by the weight of American authorities. In this country it may be considered the prevailing rule that the mortgagor is the owner of the lands mortgaged, and retains the inheritable estate therein." *White* v. *Rittenmyer*, 30 Iowa, 268, and the numerous authorities there cited.

What effect then does our statute, above quoted, have upon the rights of the mortgagee in respect to his being entitled to the benefit of the covenants running with the land? It is our duty, in construing a statute, to give such an interpretation to the language used as to make it consistent with reason and justice. Such a construction would not allow us to hold that by our statute an important right and security of the mortgagee, to wit, the covenants running with the land, was destroyed; that would not be consistent with reason or justice. But this statute has been construed, in the case of *Porter et al.* v. *Green et al.*, 4 Iowa, 571, where it was held that a mortgagee is a *purchaser* within the meaning of our recording act; and that the section quoted " does not place the mortgagor in any different position, *or give him any greater right* than he would have had, and did have, independent of that section." The only effect of the

section now occurring to us is, to deprive the mortgagee of the right of possession and the right of entry for conditions broken. He must secure these by foreclosure and purchase. It follows, from this view, that since, aside from the statute, the covenants running with the land pass to the mortgagee, who, by the common-law rule, as now recognized and applied by the American courts, is not the owner, so they will pass under our statute, which recognizes and applies the same rule.

This construction and holding has not only the merit of being approved and sanctioned by the authorities, but it is eminently just and conducive to public convenience and individual confidence and safety. A grantor with warranty, when asked by a grantee to satisfy his broken covenants, can very easily protect himself against double liability thereon by an examination of the records ; but if he may pay his grantee without liability over, then the mortgagee is wholly without protection ; while a covenantee cannot recover of his covenantor until he has satisfied his own covenants. *Wheeler* v. *Sohier*, 3 Cush. 322 ; *Booth* v. *Starr*, 1 Conn. 244.

There is no question made in this case upon the pleadings, nor whether the case shall be considered as at law or in equity. It is submitted to the court upon the agreed facts for decision on its merits ; and it is worthy of note, that the only cases cited as tending to support the position of appellee are grounded upon the technical rights of the parties *at law*, before *entry* or condition broken, etc., as in *Morris* v. *Mowatt*, 2 Paige's Ch. 591 ; or before eviction, etc., as in *Kent* v. *Welch*, 7 Johns. 258, and *Miller* v. *Watson*, 5 Cow. 195, and other cases. Upon the whole case, as submitted, on the facts agreed, we are of the opinion that the plaintiff is entitled to recover, and that the judgment of the district court should be

Reversed.