## ROSE v. SCHAFFNER ET AL.

1. **Conveyance:** COVENANTS OF WARRANTY: MORTGAGE. The mortgagee of real estate is entitled to the protection of the covenants of warranty under which the mortgagor purchased.

2. ———: EQUITABLE JURISDICTION. R. purchased land from H. with covenants of warranty, and afterward executed a mortgage thereon to plaintiff. Through several intervening conveyances the title of R. passed to D., when it was found that the title acquired from H. had wholly failed, whereupon, in ignorance of the existence of the mortgage of plaintiff, H. paid to D. the amount of his liability on the covenant of warranty: *Held*, that in an action to foreclose the mortgage equity had jurisdiction to require D. to repay so much of the amount received as was necessary for the protection of H.

*Appeal from Webster Circuit Court.*

THURSDAY, APRIL 10.

ACTION in chancery to foreclose a mortgage. The Iowa Homestead Company appeals from a decree dismissing, upon a demurrer, its cross-bill filed against the other defendants. The facts of the case appear in the opinion.

*Hubbard, Clark & Deacon,* for appellant.

*John F. Duncombe,* for appellees.

BECK, CH. J.—In 1865 the Iowa Homestead Company sold and conveyed by deed of general warranty to L. K. Rose a quarter section of land, for the consideration of nine hundred and sixty dollars. Soon after the purchase and conveyance L. K. Rose executed a mortgage upon the land to plaintiff, R. S. Rose, to secure the payment of a promissory note for five hundred and fifty dollars. Subsequently to the execution of the mortgage L. K. Rose conveyed the land, and defendant Mary Schaffner acquired the title of Rose under two intervening conveyances, and afterward conveyed to defendant Duncombe. The title thus derived from the Iowa Homestead Company wholly failed, and thereupon Duncombe, representing that he held the title without incumbrance thereon, induced the company to pay him the amount of its liability upon its covenants of warranty in the deed to L. K. Rose, and thereupon executed to the company a quit-claim deed on account of the breach of its covenants of warranty. The money was paid by the homestead company to Duncombe under a mutual mistake of facts, neither party having actual notice of the mortgage executed by L. K. Rose to plaintiff, and both supposing no incumbrance had been put on the land. Duncombe paid a part of the money received of the company to · defendant Schaffner, she being entitled thereto for some reasons based upon the facts of the case, and in settling with the company Duncombe acted as her agent, as well as for himself. The plaintiff's mortgage is wholly unpaid. The petition alleging the facts just stated makes the homestead company, Mrs. Schaffner and Duncombe, as well as the mortgagee, L. K. Rose, defendants, and prays that the mortgage be foreclosed, and that a judgment be rendered against the defendants. Recovery is sought against the company on the ground that the covenants of warranty in its deed to L. K. Rose enure to the benefit of the mortgagee, the plaintiff, who is entitled to the protection thereof to the extent of the debt secured by the mortgage, and Schaffner and Duncombe are claimed to be liable for the reason

that they received payment from the company in discharge of its liability. An accounting it is prayed may be had between the defendants and plaintiff, and judgment may be rendered thereon.

The homestead company answered the petition. It will, in the progress of this opinion, be discovered that the allegations of its answer are not important, in the aspect which the case assumes, and are, therefore, not recited here.

Schaffner and Duncombe demurred to the petition of the plaintiff on the grounds that it shows no privity of contract between them and the plaintiff; that plaintiff has no claim against them until the mortgage be foreclosed, and that he must pursue his remedy against the mortgaged property and the mortgagee. The demurrer was sustained, and thereupon the homestead company filed its cross-petition against Schaffner and Duncombe, setting up and alleging all the facts we have above recited. It must be especially remembered that the cross-bill alleges the existence of the mortgage of plaintiff as a lien upon the land; that it is unpaid; the failure of the title in the homestead company; the payment of the money to Duncombe in discharge of the covenants of warranty in the deed under which all the parties claim, under the mistaken belief that there was no incumbrance on the land.; the payment of a part thereof to Schaffner, and the release of the homestead company by Duncombe, by means of the execution of the quit-claim deed to the homestead company. It asks as relief that an accounting be had, and that the amount paid by the homestead company to Duncombe, and paid by Duncombe to Schaffner, be ascertained, and judgment be rendered against each for the amount so received—but the aggregate amount shall not exceed the amount due plaintiff upon his mortgage—and that such judgments be enforced for the payment of the amount found due plaintiff. General relief is also prayed for. A demurrer by defendants Schaffner and Duncombe to this cross-bill was sustained, and from the judgment thereon the homestead company appealed. It does not

appear that the case upon plaintiff's petition for a foreclosure has been disposed of, and no appeal was taken by plaintiff from the judgment sustaining the demurrer of Schaffner and Duncombe to the original petition. The only questions in the case arise upon the court's ruling in sustaining the demurrer to the cross-bill of the homestead company. It becomes our duty to inquire into the correctness of that ruling.

II. It cannot be doubted that plaintiff, as the mortgagee, is entitled to the protection of the covenants of warranty in

1. CONVEY- the deed of the Iowa Homestead Company under
ANCE: cove-
nants of war- which the mortgage became a lien upon the land.
ranty: mort-
gage. We do not understand this proposition to be disputed by counsel for appellees. It is supported by decisions of this court. *Devin v. Hendershott*, 32 Iowa, 192; *Harper v. Perry*, 28 Iowa, 57.

III. The petition alleges that the homestead company paid the money to Duncombe in discharge of its covenants of

2. ———: equi- warranty, under the mistaken belief that no in-
table jurisdic-
tion. cumbrance had been put on the land, being ignorant of the existence of plaintiff's mortgage. Duncombe had no actual notice of the mortgage. Surely the law will not permit Duncombe to keep this money, and hold the homestead company liable to pay the amount to plaintiff in this action upon the covenants of the deed. The mistake of the parties as to the fact of the non-existence of the mortgage is a sufficient ground upon which to base a right of recovery under familiar legal rules. We do not understand counsel of appellees to deny the liability of Duncombe and Schaffner, but they insist that this liability is purely legal, and a complete remedy may be had at law.

But mistakes whereby parties are deprived of their property or money have always been subjects of chancery cognizance, and remedies to relieve therefrom are never refused in that forum. While it is true that money paid by mistake may be recovered at law, and when no circumstances attend

the case which will bring it within chancery jurisdiction the remedy must be sought at law, yet if, for any reason, the case is of equitable cognizance, the party will not be required to go to another forum to recover the money, but will have full relief in equity.

In the foreclosure action all the defendants were proper parties. The plaintiff seeks to hold the homestead company liable. That defendant, while not disputing its liability, shows by its cross-bill that Schaffner and Duncombe are liable to it on account of the payment made them, and ought, in good conscience, to protect plaintiff against liability on the covenants of warranty. As between the defendants this surely is true. It may be that the homestead company, by its cross-bill, could not delay the foreclosure. But plaintiff makes no objection on that ground; defendants can urge none. Equity assumes cognizance of the cross-bill for the simple reason that, as the homestead company has paid Duncombe a sum sufficient to discharge the covenants of warranty, for that very purpose, in good conscience and in equity, Duncombe ought to protect the homestead company by paying plaintiff's mortgage. This is the very equitable obligation which the homestead company seeks to enforce by the cross-bill. We are clearly of the opinion that it presents a case of purely chancery jurisdiction.

We think, too, that the cross-bill in this case is authorized by Code, § 2663.

IV. It is urged by counsel for the appellees that, until plaintiff's rights upon the mortgage are settled, recovery cannot be had against them. That is quite true. The cross-bill alleges that the mortgage is a subsisting lien and is unpaid. This the demurrer admits. In the case as it is presented to us it is admitted that plaintiff has a right to recover upon the mortgage. It is also said that the mortgagor may pay the mortgage. The pleadings show that he has not paid it; they contain nothing as to what he may do. But should it turn out that the plaintiff cannot, for any reason, recover on

the mortgage, or the mortgagor should pay the mortgage, no decree in favor of plaintiff will be rendered against Duncombe and Schaffner, for in that case plaintiff will be entitled to no relief.   There will be no difficulty in settling the rights of the parties by proper decree as they may be made to appear upon the trial.

The judgment of the Circuit Court is

REVERSED.